UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-686-FDW
(3:94-cr-17-FDW-11)

| | |
|---|---|
| EDWARD HAROLD SAUNDERS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as successive.

### I. BACKGROUND

On July 14, 1994, Petitioner was found guilty following a trial by jury of violation of 21 U.S.C. § 846, and on September 21, 1994, Petitioner was sentenced to life imprisonment.(3:94-cr-17, Doc. No. 192: Judgment in a Criminal Case). Petitioner appealed and the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's criminal judgment on September 18, 2005. United States v. Walker, No. 94-5746, 1995 U.S. App. LEXIS 26457 (4th Cir. filed Sept. 18, 2005) (unpublished).[1] (Doc. No. 247).

On April 9, 1997, Petitioner filed a motion to vacate, correct or set aside sentence under Section 2255, which was denied by Order filed on July 14, 1997. (Doc. No. 284). See (3:97-cv-

---

[1] Petitioner's co-defendant, Tommy Eugene Walker, was given the lead name in the consolidated appeal.

1

168). Petitioner appealed and the Fourth Circuit dismissed his appeal. On October 30, 2000, the Fourth Circuit denied Petitioner's application to file a successive motion under Section 2255. On July 13, 2001, Petitioner filed what the Court found was yet another collateral attack on his criminal judgment under Section 2255. Noting that the Court was without jurisdiction to consider whatever merits may have existed in his motion, the Court dismissed the motion as successive on March 7, 2003. (Doc. No. 346). Petitioner filed an appeal and the Fourth Circuit again dismissed his appeal. Saunders v. United States, No. 03-6581 (4th Cir. filed July 30, 2003). (Doc. No. 356).

On April 5, 2007, the Court dismissed another successive motion under Section 2255 and Petitioner appealed. (Doc. No. 370). Again, the Fourth Circuit dismissed the appeal. Saunders v. United States, No. 08-6213 (4th Cir. Apr. 30, 2008) (unpublished).

On October 17, 2012, Petitioner, proceeding pro se, filed the present motion under Section 2255 contending that he was improperly designated as a career offender because his prior convictions, which were noticed by the Government under Section 851, no longer qualify as proper, predicate felonies based on the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (3:12-cv-686, Doc. No. 1 at 3).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA provides for a limitation on a petitioner's ability to seek relief through a second or successive Section 2255 motion. The statute provides as follows:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Petitioner has filed multiple, unsuccessful Section 2255 motions attacking his criminal judgment however, Petitioner has provided no evidence that he has secured the necessary authorization to file a successive Section 2255 motion. The Court is therefore without jurisdiction to rule on the claims in Petitioner's present § 2255 motion which attacks the same criminal judgment. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

    Signed: November 26, 2012

Frank D. Whitney
United States District Judge